Argued and submitted August 8, affirmed October 15, 2003

### Brandy COOK,
*Respondent,*

*v.*

### GILLEN LOGGING INC.,
an Oregon corporation,
*Appellant.*

98-CV-0055; A112174

77 P3d 1171

I. Franklin Hunsaker argued the cause for appellant. With him on the briefs were Richard J. Whittemore and Bullivant Houser Bailey PC.

Bruce J. Brothers argued the cause for respondent. With him on the brief were Lawrence M. Gorman and Bruce J. Brothers & Associates.

Before Haselton, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

HASELTON, P. J.

## HASELTON, P. J.

Defendant appeals from a judgment and supplemental judgment for damages resulting from a collision between plaintiff's car and a log truck driven by defendant's employee. We affirm.

An extended factual discussion is unwarranted. Plaintiff was severely injured on August 28, 1997, when a log truck driven by defendant's employee collided with plaintiff's Ford Tempo in a traffic median on Highway 26 in Prineville. Plaintiff brought this action, ultimately alleging a variety of specifications of both common-law negligence and statutory negligence. Defendant's answer alleged, in part, that plaintiff's own negligence had caused the accident. The court submitted all specifications of negligence and comparative negligence to the jury, which returned a verdict that each party was negligent "in one or more of the ways" alleged by the other. The jury apportioned fault as 70 percent (defendant) and 30 percent (plaintiff) and awarded damages of $2,160,894.90. Thereafter, the court entered a judgment and a supplemental judgment totaling $1,512,626.40 (the jury's verdict reduced by 30 percent).

■    On appeal, defendant raises seven assignments of error. The first four assignments challenge various rulings pertaining to plaintiff's specifications of statutory negligence, including the denial of defendant's motion to exclude evidence of alleged statutory negligence, the denial of defendant's motion for a partial directed verdict against those specifications, the giving of various instructions concerning those specifications, and the refusal to give two of defendant's proposed instructions relating to those specifications. Those four assignments of error fail because, on this record, defendant cannot demonstrate that it was materially prejudiced by any of the alleged errors. *Shoup v. Wal-Mart Stores, Inc.*, 335 Or 164, 176, 61 P3d 928 (2003). Here, as noted, the trial court submitted all specifications of defendant's alleged negligence, including various specifications of common-law negligence,[1] to the jury; defendant did not object to the jury's consideration of those nonstatutory specifications; and the jury

---

[1] *E.g.*, "operating the tractor-trailer in the center median," "failing to keep a proper lookout," and "failing to maintain proper control of the tractor-trailer."

returned a general verdict as to defendant's negligence. In those circumstances, given *Shoup*'s repudiation of the "we can't tell" rule, defendant cannot prevail. *See, e.g., Woodbury v. CH2M Hill, Inc.*, 189 Or App 375, 380-81, 76 P3d 131 (2003).

Defendant's fifth assignment of error challenges the trial court's exclusion of testimony that defendant sought to adduce pertaining to one of plaintiff's several common-law based specifications of negligence. That assignment also fails under *Shoup*—again, the trial court, without objection, submitted several other specifications of common-law negligence, which are not the subject of any assignment of error, to the jury.

Defendant's sixth assignment is that the trial court erred in denying its motion for judgment notwithstanding the verdict or a new trial, which asserted that the jury's award of future medical expenses of $650,000 was excessive as unsupported by the evidence. That contention was unpreserved by way of a motion for partial directed verdict, a request for a limiting instruction, or otherwise. Consequently, we cannot consider it. *See, e.g., Cantua v. Creager*, 169 Or App 81, 83-84, 7 P3d 693 (2000).

Finally, defendant's seventh assignment of error asserts that the trial court erred in refusing, pursuant to ORS 18.580(1)(c),[2] to allow a "collateral source" reduction of $153,185 against plaintiff's recovery for incurred medical expenses. We disagree. A detailed description of the underlying dispute will not benefit either the bench or bar. It suffices to say that the first affidavit of the witness, Mollgaard, on which the trial court relied, established that plaintiff's circumstances fell within the scope of ORS 18.580(1)(c). To the extent that, as defendant contends on appeal, Mollgaard's

---

[2] ORS 18.580(1) provides, in part:

"In a civil action, when a party is awarded damages for bodily injury or death of a person which are to be paid by another party to the action, and the party awarded damages or person injured or deceased received benefits for the injury or death other than from the party who is to pay the damages, the court may deduct from the amount of damages awarded, before entry of final judgment, the total amount of those collateral benefits other than:

"* * * * *

"(c) Insurance benefits for which the person injured or deceased or members of that person's family paid premiums * * *."

second affidavit purported to qualify, or even contradict, her first affidavit, the trial court could properly discount the later affidavit as inadequately explained and, thus, unpersuasive.

Affirmed.